UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard James Stuke,                                    Civil No.  11-CV-0141 (MJD/SER)

          Plaintiff,

v.                                                      **REPORT & RECOMMENDATION**

Leonard, Street, & Deinard,
Jeffrey A. Ehrich,
Joel E. Abrahamson, and
Union Gospel Mission,

          Defendants.

---

    Richard James Stuke, pro se, 348 Wabasha Street North, Suite 939, St. Paul, MN 55102.

    Keith S. Moheban, Esq., Leonard Street and Deinard, PA, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

    Plaintiff Richard James Stuke ("Stuke"), proceeding *pro se*,[1] initiated this case on January 19, 2011, purporting to assert claims that Defendants violated his civil rights [Doc. No. 1].  Since then, Stuke filed six dispositive motions, including two motions for default judgment [Doc. Nos. 8, and 11] and four motions for declaratory judgment [Doc. Nos. 7, 23, 24, and 28].  This matter was referred to the undersigned by Orders of Reference entered by the District Court [Doc. No. 9, 15, and 34], pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b).[2]  Despite his motions for default judgment, Stuke did not apply for entry of default with

---

    1 Because Stuke is appearing *pro se*, this court must liberally construe Plaintiff's Complaint.  White v. Kautzky, 494 F.3d 677, 680 n. 1 (8th Cir. 2007).
    2 Stuke filed a document purporting to be a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge [Doc. No. 16].  All parties must consent to the jurisdiction of the Magistrate Judge under the Magistrate Judge's Act.  28 U.S.C. § 636(c).  To date, none of the

the clerk's office pursuant to Fed. R. Civ. P. 55(a). To date, none of the Defendants have filed an Answer. On March 21, 2011, this Court issued an Order allowing Defendants to conditionally appear to respond to Stuke's motions for default judgment, without conceding jurisdiction. Defendants responded on April 7, 2011, arguing that Stuke never properly served Defendants. Defendants also assert that this Court should dismiss this action for lack of subject-matter jurisdiction, for failure to state a claim for relief, and because *res judicata* bars Plaintiff's claims against the Union Gospel Mission. As set forth below, this Court recommends that Stuke's motions be denied, but declines to dismiss this matter *sua sponte*.

## I.     FACTUAL BACKGROUND

Plaintiff Richard Stuke initiated this action against Leonard, Street, & Deinard ("Leonard Street"), two Leonard Street attorneys, Jeffrey A. Ehrich and Joel E. Abrahamson, and the Union Gospel Mission ("the Mission"). As with other cases filed by Stuke previously (*See* Civil Nos. 05-2463 (DWF/AJB); 06-4143 (DWF/AJB); 08-5364 (RHK/JJG),[3] his Complaint is mostly incomprehensible. Therefore, the Court's recitation of the facts related to this matter is taken from Defendants' Joint Mem. Opposing Pl.'s Motions for Default J. [Doc. No. 30].

The Mission is a non-profit homeless shelter that provides charitable overnight lodging to individuals. The Mission requires individuals to satisfy health screening requirements and to follow its rules of conduct. According to Defendants, on October 29, 2010, Stuke was denied lodging at the Mission because of his failure to follow these health and behavioral policies. In relation to the events on October 29, 2010, Stuke's Complaint alleges only, "I was told to do

---

Defendants has consented to the jurisdiction of the undersigned.
  3  These cases were all summarily dismissed on the Plaintiff's applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). In the instant matter, Stuke has paid the initial filing and has not applied to proceed *in forma pauperis*.

something on or about October 29, 2010 and it was clearly not in my best interest to do what I was told so I refused. On or before October 29, 2010 I knew, or highly suspected, I would be told exactly what I was told and I knew I would refuse to act against my best interest." In November 2010, Stuke initiated an action against the Mission in Ramsey County District Court (*Stuke v. Union Gospel Mission*, Case No. 62-CV-10-10878) (hereinafter "the Ramsey County case"). Defendants Ehrich and Abrahamson represented the Mission in that case.

Stuke initiated this federal case on January 19, 2011, and the Clerk of Court issued Summonses that same day. The Complaint purports to assert federal-question jurisdiction through a civil rights claim under 42 U.S.C. § 1981, as well as, diversity jurisdiction. Stuke attached to the Complaint a self-styled "Statement of the Claim," which included a one page recitation of facts, a photocopy of excerpt from a book entitled Ethical Aspects of Motion Practice, and a printout from the American Psychological Association's website called Ethical Principles of Psychologists and Code of Conduct. Stuke did not explain how these attachments related to his claims.

In the Ramsey County case, the Mission filed a motion for judgment on the pleadings and a hearing on the motion was held on January 20, 2011. Stuke appeared at the hearing *pro se* and Ehrich represented the Mission. The court granted the Mission's motion and entered judgment against Stuke on January 25, 2011. At the hearing, Stuke attempted to personally hand Ehrich some documents, which Stuke appears to contend were the Summonses and Complaint. Ehrich did not accept the documents. Instead, Stuke placed the documents on the table where Ehrich was seated. [Doc. No. 28 at p. 2].

On February 10, 2011, Stuke filed another Complaint in this case, which the clerk's

office docketed as an Amended Complaint [Doc. No. 6]. With the Amended Complaint Stuke filed the Summonses and blank Proof of Service forms. Stuke also submitted three attachments to the Amended Complaint: (1) a Minnesota Court of Appeals decision in *Renner v. Comm'r of Pub. Safety*, 373 N.W.2d 628 (Minn. Ct. App. 1985), which concerned the reliability of procedures used to collect a urine sample after a car accident; (2) a New York Times Article entitled "Squalid Abortion Clinic Escaped Oversight;" and (3) and a handwritten document citing various Minnesota statutes related to "Medical Assistance for Needy Persons."

On February 18, 2011, an unknown person delivered two manila envelopes to the receptionist's desk at Leonard Street's Minneapolis office. One envelope was addressed to Ehrich, Abrahamson, and the Mission. The envelope contained many of the same documents docketed as the Complaint in this matter, several motions from the Ramsey County case, legal excerpts and writings regarding admiralty, maritime, and armed forces law, and a Wikipedia biography of former Supreme Court Justice Joseph Story. The envelope did not contain a summons. The second envelope, addressed to Leonard Street, contained similar documents, as well as, a blank unexecuted summons handwritten with the caption "*Richard Stuke, et al v. Leonard Street and Deinard*," and which was not addressed to any defendant. To date, Stuke has never filed a Return of Service.

##  II.    DISCUSSION

### A.    Motions for Default Judgment

Fed. R. Civ. P. 55(b) allows a court to enter default judgment against a party that has failed to plead or otherwise defend an action. Pursuant to Fed. R. Civ. P. 12(a)(1), a defendant must answer a complaint 21 days after being served with the summons and complaint. If a

defendant does not respond to the complaint within 21 days, the plaintiff may move for default judgment pursuant to Fed. R. Civ. P. 55.  When a defendant is not properly served with a summons and the complaint, the plaintiff is not entitled to default judgment.  *Operating Engineers Local No. 49 Health and Welfare Fund v. Mesabi Bituminous, Inc.*, No. 10-3955, 2011 WL 741485, *1 (D. Minn. Jan. 4, 2011).

Neither of Stuke's two attempts at service complied with Fed. R. Civ. P. 4.  Under Fed. R. Civ. P. 4(c)(2), a party to the lawsuit may not personally serve the summons.  Therefore, Stuke's attempt to hand documents to Ehrich at the hearing in the Ramsey County case was not effective service because Stuke is a party in this lawsuit.

Stuke's attempted service for Ehrich and Abrahamson at the offices of Leonard Street was likewise ineffective.  Fed. R. Civ. P. 4(e)(2) allows for a party to serve the summons and complaint on an individual by three methods:  (A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Stuke's attempt to serve Ehrich and Abrahamson does not comply with any of these methods.  The papers were not personally handed to Ehrich or Abrahamson; the papers were not delivered to their residence or dwelling, but rather their workplace; and there was no authorized agent at Leonard Street to accept service on behalf of Ehrich or Abrahamson.  Additionally, the envelope addressed to Ehrich and Abrahamson did not contain a copy of the signed Summonses.  Therefore, neither Ehrich nor Abrahamson have been properly served in this case and Stuke's motion for default judgment against them must be denied.

Nor did Stuke effectuate service on the Mission or Leonard Street. Fed. R. Civ. P. 4(h) provides that a corporation, partnership, or association can be served in the same manner as serving an individual or by delivering a copy of the summons and complaint to an officer of the organization or an authorized agent of the organization. The receptionist at Leonard Street is not an authorized agent for the firm or for the Mission. Therefore, there was no proper service for the organizational defendants. Because Stuke has not properly served any Defendant, his motions for Default Judgment must be denied.

Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 120 days after the date a plaintiff filed the complaint. If a plaintiff fails to timely serve the defendants, a court may dismiss the action without prejudice. In this case, Stuke filed the Complaint on January 19, 2011, and the Court cautions Stuke that the deadline for completing service is fast approaching.

### B. Motions for Declaratory Judgment

The Motions Stuke filed that the Clerk's Office docketed as Motions for Declaratory Judgment should all be denied. As other Judges noted in Stuke's previous cases, it is difficult for this Court to understand Stuke's motions and they are mostly incomprehensible. In Doc. No. 7, it appears Stuke is objecting to Magistrate Judge Boylan's recusal in this case. Stuke has not offered any argument as to why Judge Boylan should not have recused himself and it appears from the record before the Court that Judge Boylan's recusal was proper under 28 U.S.C. § 455. This motion should therefore be denied.

In Doc. No. 23, Stuke cites and quotes excerpts of the Minnesota declaratory judgment statutes, but does not request any claim for relief. The only portion of the motion that is not a

6

citation to the statute is the last paragraph, which contains two citations to cases. The Court cannot ascertain what rights Stuke seeks declared, and therefore the motion should be denied.

In Doc. No. 24, Stuke first makes allegations regarding admiralty and maritime law, but it is unclear to this Court how admiralty law is relevant to this action challenging Stuke's eviction from the Mission. Next, Stuke appears to challenge the Mission's status as a non-profit corporation, but does not assert any basis for this contention. Stuke then makes comments about the standard of review on appeal regarding service of process. However, this matter has not been appealed. Then Stuke cites to the standard of review for motions for summary judgment in state court, but no motion for summary judgment has been filed in this case. Finally, Stuke cites to various Minnesota Rules of Civil Procedure, without any context or explanation. There is no basis for this Court to grant Stuke declaratory judgment in this motion.

In Doc. No. 28, Stuke appears to ask this Court to conclude that he properly served the Defendants when he attempted to give papers to Ehrich at the hearing in the Ramsey County case. He also appears to assert that Ehrich has somehow attempted to avoid service. As set forth above, however, Stuke's attempt at service at the hearing was not effective because Stuke is a party in this action. Ehrich had no obligation to accept improper service from Plaintiff. This motion for declaratory judgment should be denied.

### C. Subject-Matter Jurisdiction

Defendants urge this Court to dismiss this action *sua sponte*. While a court may *sua sponte* dismiss a case when the claims obviously fail on the facts alleged, the Court may not do so prior to completion of service of process.[4] *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Freeman v. Abdullah*, 925 F.2d 266, 267 (8th Cir. 1991). While Defendants arguments about jurisdiction and res judicata are well taken, as set forth above, Defendants have not been served in this matter and therefore this Court cannot dismiss this case *sua sponte* at this time.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motions for Default Judgment [Doc. No. 8 and 11] be **DENIED**;

2. Plaintiff's Motions for Declaratory Judgment [Doc. Nos. 7, 23, 24, and 28] be **DENIED**.

3. If Plaintiff does not properly serve Defendants in compliance with Fed. R. Civ. P. 4 within 120 days after his Complaint was filed, this Court will recommend that this case be dismissed for lack of prosecution.

Dated: May 10, 2011

s/ Steven E. Rau_____
STEVEN E. RAU
United States Magistrate Judge

---

[4] A court may summarily dismiss a claim prior to service of process pursuant to 28 U.S.C. § 1915 when the plaintiff has applied to proceed *in forma pauperis*. Stuke, however, has paid the filing fee in this matter.

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 26, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.