## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Richard James Stuke,                                    Civil No.  11-CV-0141 (MJD/SER)

        Plaintiff,

v.                                                      **REPORT & RECOMMENDATION**

Leonard, Street, & Deinard,
Jeffrey A. Ehrich,
Joel E. Abrahamson, and
Union Gospel Mission,

        Defendants.

_____

    Richard James Stuke, pro se, 348 Wabasha Street North, Suite 939, St. Paul, MN 55102.

    Keith S. Moheban, Esq., Leonard Street and Deinard, PA, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, for Defendants.

_____

STEVEN E. RAU, United States Magistrate Judge

    Plaintiff Richard James Stuke ("Stuke"), proceeding *pro se*, initiated this case purporting to assert claims that Defendants violated his civil rights [Doc. No. 1].  Since filing the Complaint, Stuke has filed numerous motions and documents, including two motions for default judgment [Doc. Nos. 8 and 11].  On May 10, 2011, this Court recommended denying Stuke's motions for default judgment because Defendants had not been served with process.  This Court also gave Stuke notice, pursuant to Fed. R. Civ. P. 4(m), that Stuke needed to serve Defendants within 120 days after the filing his Complaint, or this Court would recommend that his case be dismissed [Doc. No. 42].  Plaintiff initiated this case on January 19, 2011, making his deadline for serving Defendants May 19, 2011.

    To date, Stuke has not filed a return of service or in any way demonstrated that

Defendants have been properly served with process pursuant to Fed. R. Civ. P. 4. Stuke now appears to contend that Defendants were served by his filing of the Amended Complaint on the Court's electronic case filing system (ECF) pursuant to Local Rule 5.4. Stuke is incorrect. First, at the time Stuke filed the Amended Complaint on ECF, none of Defendants had made an appearance in this case and therefore they did not receive notice of the Amended Complaint through ECF. More importantly, Fed. R. Civ. P. 5 and Local Rule 5.4 only apply to the service of papers other than a summons. Fed. R. Civ. P. 4 governs the manner in which a summons is served. As set forth in this Court's previous Report & Recommendation, Stuke has not served Defendants with a summons in compliance with Fed. R. Civ. P. 4. Because more than 120 days have passed since Stuke filed his Complaint and Defendants have not been served, this Case should be dismissed without prejudice.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.


Dated: May 20, 2011                    s/ Steven E. Rau_____
                                       STEVEN E. RAU
                                       United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 6, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.